# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VELMA M. WHITE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-105-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Velma M. White pleaded guilty to four counts of using an interstate-communication device in relation to a failed murder-for-hire scheme, in violation of 18 U.S.C. § 1958. She challenges her sentence of 170 months' imprisonment, claiming it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Along that line, she asserts: the separate charges were all related to a single scheme; her difficult background and drug-use

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

history warranted a lower sentence; and, her boyfriend was the instigator of the plot. White notes she has a good work history and completed a drug-treatment program while in jail.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As noted, White claims only that her sentence is substantially unreasonable. In that regard, the district court is required to impose a sentence sufficient, but not greater than necessary, to comply with § 3553(a)(2)'s goals. *See* 18 U.S.C. § 3553(a). And, where, as here, the court imposes a sentence within a properly calculated Guidelines sentencing range, the sentence is entitled to a rebuttable presumption of reasonableness on appeal. *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted).

The court considered the mitigating evidence presented by White, but concluded, well-within its discretion, that the evidence supported a finding she actively participated in, and encouraged, the failed murder-for-hire. In short,

the court did not abuse its discretion in weighing or balancing the sentencing factors. *See id.* Accordingly, White fails to rebut the presumptive reasonableness of her within-Guidelines sentence. *See Rashad*, 687 F.3d at 644.

AFFIRMED.